UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD L. PHARES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-01151-JPH-MJD |
| | ) |
| DUSCHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus and Denying Certificate of Appealability**

Petitioner Ronald Phares's 28 U.S.C. § 2254 petition for a writ of habeas corpus challenges his 2010 convictions for dealing cocaine in Shelby County, Indiana. Now before the Court is the respondent's motion to dismiss, which argues that Mr. Phares procedurally defaulted his claims. For the reasons below, the respondent's motion, dkt. [11], is **granted**, and Mr. Phares's petition is **dismissed with prejudice**. No certificate of appealability shall issue.

## I.    Background

On July 14, 2010, a jury convicted Mr. Phares of two counts of dealing cocaine and one count of corrupt business influence. Dkt. 11-1 at 5. On direct appeal, Mr. Phares argued there was insufficient evidence to support his convictions and that the trial court improperly rejected his request to move his chair so he could view a video with the jury. *Phares v. State*, 2011 WL 2139075, *1 (Ind. Ct. App. May 31, 2011); dkt. 11-5 at 1. The Indiana Court of Appeals vacated his corrupt business influence conviction, but left his cocaine dealing convictions intact. Dkt. 11-5 at 4. The court further found that the issue regarding Mr. Phares's viewing of the video was waived. *Id.* Mr. Phares did not seek transfer to the Indiana Supreme Court. Dkt. 11-2 at 4.

Mr. Phares filed a petition for post-conviction relief raising a variety of claims; amongst them were several allegations of ineffective assistance of counsel. Dkt. 11-6 at 2–6. The post-conviction court denied Mr. Phares's petition. *Id.* at 6. Mr. Phares initiated an appeal, but it was dismissed with prejudice because he failed to file an appellant's brief. Dkt. 11-7.

On April 14, 2020, Mr. Phares filed the instant habeas petition raising two grounds for relief. Dkt. 2. First, he alleges that his trial counsel was ineffective in several respects. Second, he alleges that his 40-year sentence was excessive as a first-time drug offender.

## II.     Dismissal of Petition

The respondent seeks dismissal on the basis that Mr. Phares's claims are procedurally defaulted. Dkt. 11. Mr. Phares did not file a response and the time to do so has passed.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26. A habeas petitioner who fails to exhaust his claims in state court has procedurally defaulted those claims. *Id.* "A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Id.* at 1026 (internal citations omitted).

Mr. Phares's claims are procedurally defaulted. Mr. Phares's post-conviction appeal was dismissed due to his failure to file an appellate brief, so his ineffective assistance of counsel claims were never presented to any of Indiana's appellate courts. And Mr. Phares did not challenge his sentence on direct appeal. Mr. Phares makes no attempt to excuse his procedural default.

Accordingly, the respondent's motion, dkt. [11], is **granted**, and Mr. Phares's petition is **dismissed with prejudice**.

Final judgment consistent with this Order shall now issue.

### III.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as procedural default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, no reasonable jurist could disagree that Mr. Phares has procedurally defaulted his claims. Therefore, a certificate of appealability is **denied**.

### IV.     Conclusion

Because Mr. Phares's claims are procedurally defaulted, the respondent's motion, dkt. [11], is **granted** and Mr. Phares's petition for habeas corpus is **dismissed with prejudice**. A certificate of appealability is denied.

**SO ORDERED.**

Date: 12/18/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONALD L. PHARES
906356
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov